# EXHIBIT A

ID# E-TCRSGVNR-5QY
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**22-A-2366**

JUL 21, 2022 08:17 PM

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

ALMA CHAVEZ, )
)
 Plaintiff, )
)
v. ) Civil Action File No. _____
)
TARGET CORPORATION and )
JOHN DOE, )
)
Defendants. ).

## COMPLAINT WITH TRIAL BY JURY DEMAND

COMES NOW ALMA CHAVEZ, Plaintiff in the above-captioned action, and file this Complaint against TARGET CORPORATION and JOHN DOE, Defendants, showing to the Court the following:

1.

Defendant TARGET CORPORATION (hereinafter "Defendant," or "Target"), is a foreign corporation authorized to transact business in the State of Georgia, with a Target store located at 4125 Austell Road, Austell, Cobb County, Georgia 30106. Defendant's Principal Place of Business is located at 100 Nicollet Mall, Minneapolis, MN 55403.

2.

Defendant TARGET CORPORATION's registered agent for service of process is CT Corporation System, and Defendant can be served at 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia 30046-4805.

3.

Defendant JOHN DOE is an individual whose tortious acts and/or omissions may have caused and/or contributed to the injuries complained of in this Complaint. However, despite diligent attempts

1



by Plaintiff and Plaintiff's counsel, the identity of JOHN DOE is currently unknown to Plaintiff. The identity of JOHN DOE will be ascertained through discovery of this matter.

4.

Plaintiff is a resident of Mableton, Cobb County, Georgia, and hereby subjects herself to the jurisdiction of this Court.

5.

Defendant TARGET CORPORATION is subject to the jurisdiction of this Court, as Defendant TARGET CORPORATION regularly transacts business within the state of Georgia, as Defendant TARGET CORPORATION owns and operates the above-referenced Target store located at 4125 Austell Road, Austell, Cobb County, Georgia 30106, and as the incident giving rise to Plaintiff's Complaint occurred at Defendant TARGET CORPORATION's Target store located at 4125 Austell Road, Austell, Cobb County, Georgia 30106. Additionally, Defendant TARGET CORPORATION's registered office and registered agent in Georgia are located at 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia 30046-4805.

6.

Venue is proper in Cobb County, Georgia, as Defendant TARGET CORPORATION is for purposes of Georgia law domiciled in and this tort giving rise to this lawsuit occurred in Cobb County, Georgia.

7.

On September 20, 2021, Defendant TARGET CORPORATION owned and operated a Target store located at 4125 Austell Road, Austell, Cobb County, Georgia 30106.

8.

The above-referenced store (hereinafter referred to as "Defendant's Target store") was open to the general public on September 20, 2021.

9.

On September 20, 2021, Plaintiff ALMA CHAVEZ was an invitee of Defendant TARGET CORPORATION while on Defendant TARGET CORPORATION's premises located at 4125 Austell Road, Austell, Cobb County, Georgia 30106.

10.

While shopping in Defendant TARGET CORPORATION's store, Plaintiff Alma Chavez was slammed into by a Target employee and/or agent (Defendant JOHN DOE) negligently and unsafely utilizing a cart/pallet/product transportation device while transacting his duties for Defendant TARGET CORPORATION in Defendant TARGET CORPORATION's above-referenced store on the above-referenced date.

11.

At all relevant times, Plaintiff Alma Chavez exercised reasonable care for her own safety. However, despite her exercise of reasonable and due care, Plaintiff Alma Chavez was injured by the negligence of the Defendants.

12.

At all relevant times, Defendant TARGET CORPORATION owed a duty of reasonable care to Plaintiff to keep its premises in a safe condition for business invitees such as Plaintiff Alma Chavez, as well as to ensure that its employees or agents (such as Defendant JOHN DOE) operate safely, keep a proper lookout for customers, and do not negligently operate carts while transacting their duties in the Defendant TARGET CORPORATION's store.

13.

At all relevant times, Defendant TARGET CORPORATION negligently failed to supervise and/or monitor the agent and/or employee involved in this incident, failed to make sure he transported store products in a safe manner, failed to monitor and make sure he was using the work cart at issue in a reasonable and safe manner, and failed to warn invitees, including Plaintiff Alma Chavez, of the danger posed by the Target employee and/or agent's conduct.

14.

At all relevant times, Defendant TARGET CORPORATION had personnel in the area and therefore had constructive and/or actual knowledge of its employee's/agent's activities and could have prevented the injury to the Plaintiff.

15.

At all times relevant, Defendant TARGET CORPORATION's agent/employee (Defendant JOHN DOE) negligently failed to keep a proper lookout to make sure he didn't run anyone over with the pallet/cart/device he was operating and stacked the cart/pallet/device he was pushing too high with boxes and/or other items such that he couldn't see Plaintiff Alma Chavez at the time he negligently ran into Plaintiff Alma Chavez with the cart.

16.

At all times relevant, the individual who slammed into Plaintiff Alma Chavez (Defendant JOHN DOE, Defendant TARGET CORPORATION's employee and/or agent) due to his negligent operation of the cart at issue was an employee and/or agent of Defendant TARGET CORPORATION acting within the scope of his employment, acting at Defendant TARGET CORPORATION's direction.

17.

At all times relevant, Defendant TARGET CORPORATION and Defendant JOHN DOE failed to conduct its operations in the above-referenced Target store in a safe manner and failed to exercise ordinary care.

18.

At all times relevant, Defendant TARGET CORPORATION negligently hired, trained, retained, and/or supervised Defendant JOHN DOE, the employee/agent that ran into Plaintiff Alma Chavez with the pallet/cart/device on September 20, 2021.

19.

Defendant TARGET CORPORATION is directly liable for its own above-described malfeasance, and it is vicariously liable for the negligent acts of its agent/employee, Defendant JOHN DOE.

20.

As a direct and proximate result of the negligent acts by Defendant TARGET CORPORATION and Defendant JOHN DOE, Plaintiff Alma Chavez suffered serious and significant injuries and damages, including past and future medical expenses, past and future mental and physical pain and suffering, and disability.

21.

Plaintiff Alma Chavez has incurred and will continue to incur medical expenses and special damages in an amount to be proven at trial as a direct result of her injuries negligently caused by Defendants, for which she is entitled to recover compensation from Defendants.

22.

Plaintiff Alma Chavez has suffered and will continue to suffer past, present, and future mental and physical pain and suffering as a direct result of her injuries negligently caused by Defendants, for which she is entitled to recover general damages from the Defendants in an amount to be proven at trial.

23.

Defendant's negligent hiring, training, and retention of their JOHN DOE employee related to the pushing of subject pallet/cart/device and/or the pushing of the same at the time of striking Plaintiff showed a willful, wanton and reckless disregard for the safety and wellbeing of Plaintiff. Defendant is liable for punitive damages in accordance with O.C.G.A. § 51-12-5.1.

24.

Defendant has exhibited bad faith, been stubbornly litigious and has caused Plaintiff unnecessary trouble and expense, thereby entitling Plaintiff to recover her expenses of litigation, including reasonable attorneys' fees, pursuant to O.C.G.A. § 13-6-11 or other applicable law in accordance with the evidence.

WHEREFORE, Plaintiff requests that she be given the following relief:

a) That summons issue requiring Defendants to appear as provided by law to answer this Complaint;

b) That Plaintiff Alma Chavez be awarded damages to compensate her for her physical, mental, and emotional pain and suffering (past, present and future) proximately caused by Defendants' above-described negligence, as determined by the enlightened conscience of a fair and impartial jury;

c) That Plaintiff Alma Chavez be awarded damages to compensate her for her medical and other necessary expenses which were incurred, and which will be incurred in the future, as a proximate result of Defendants' above-described negligence, which amount shall be specifically proved at trial;

d) For judgment in Plaintiff's favor for attorney's fees and expenses in strict accordance with O.C.G.A. § 13-6-11 and punitive damages in strict accordance with O.C.G.A. § 51-12.5.1

e) That Plaintiff be given the judgment of this Court;

f) That Plaintiff be given a trial by jury of twelve; and

g) That the costs of this action be cast against Defendants.

Respectfully submitted this 21st day of July, 2022.

/s/ Matthew T. Wilson

Matthew T. Wilson
Georgia Bar No. 558420
Adam P. Princenthal
Georgia Bar No. 588219

Princenthal, May & Wilson, LLC
750 Hammond Drive
Building 12, Suite 200
Sandy Springs, GA 30328
Tel: (678) 534-1980
Fax: (404) 806-0624
matthew@princemay.com